UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEGISTER,

          Plaintiff,

      v.                                                Case No. 23-cv-0419-bhl

SGT. COLLINS,
NURSE JANE DOE, and
HOUSE OF CORRECTION,

          Defendants.

## SCREENING ORDER

      Plaintiff Joshua Legister, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Legister's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Legister has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Legister has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $53.24. Legister's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Legister, on November 5, 2022 while he was incarcerated in the House of Correction, there was a fight in the unit, which left the floors covered in blood. Legister states that Sgt. Collins called the maintenance crew and told them to spray bleach and other chemicals on the floor and to let it sit. Legister asserts that the maintenance crew did not use wet floor signs. Legister explains that he had been sleeping during the fight, and after he woke up, he left his room to use the bathroom. He states that he slipped, flew in the air, and landed hard on his head, neck, back, and already injured right arm. Dkt. No. 1 at 2-3.

According to Legister, for two hours he begged for medical attention and even had family call the institution. He states that he was finally escorted to the health center, but he was not given a full exam. He states he was given Tylenol and then placed "in segregation for retaliation when [he] mentioned [he] would file a civil suit." Legister notes that he was not seen again by health services until nearly two months later. He believes he was targeted because he is pursuing a lawsuit against staff at a different institution. Dkt. No. 1 at 2.

## THE COURT'S ANALYSIS

Legister was a pretrial detainee at the relevant time, so his claims arise under the Fourteenth Amendment. Under *Miranda v. County of Lake*, such claims are subject only to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, for Legister to state a claim, the Court must be able to reasonably infer from his allegations that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of

3

their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Legister describes a chaotic scene: A fight amongst inmates that left blood "everywhere." He alleges that, apparently not seeing the blood, he slipped and fell hard, but there is no indication that Defendants saw him fall; he states only that the fall was confirmed after video footage was reviewed, but he does not assert when that review occurred or who reviewed the video. Legister also states that he had a knot on the back of his head, but he does not describe any other injuries. He does not allege that he was bleeding, had broken bones, lost consciousness, or was experiencing other symptoms that would indicate immediate care was required. Legister explains that he was given Tylenol, presumably for complaints of pain and/or swelling, but he does not assert whether the medication was effective or whether he raised concerns about its effectiveness with anyone. Legister also notes that he was not seen again for almost two months, but he provides no allegations suggesting further evaluation was necessary, nor does he explain whether further treatment was pursued and/or necessary after he was eventually examined. In light of the limited nature of his allegations, the Court cannot reasonably infer that the relatively short delay he experienced in being examined was objectively unreasonable or that he was harmed by the delay. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) (holding that "two hours does not seem like an unreasonably long wait to x-ray, examine, and possibly cast a fractured extremity").

Legister also fails to state a retaliation claim based on allegations that he was placed in segregation after he mentioned he would file a lawsuit. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the

4

retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Although indicating an intention to sue may be protected First Amendment activity, Legister does not allege who he made the statement to or who placed him in segregation. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, in order to state a retaliation claim, Legister must be clear about who was involved in the alleged violation of his constitutional rights.

The Court will give Legister an opportunity to file an amended complaint by **September 29, 2023**. Legister should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Legister should set forth his allegations in short and plain statements and ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. Legister is advised that, if he files an amended complaint, it will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Legister's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Legister's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 29, 2023**, Legister may file an amended complaint to cure the deficiencies in the original complaint as described in this

decision. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on Legister's failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Legister shall collect from his institution trust account the $296.76 balance of the filing fee by collecting monthly payments from Legister's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Legister is transferred to another institution, the transferring institution shall forward a copy of this Order along with Legister's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Legister is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>    Office of the Clerk
>    United States District Court
>    Eastern District of Wisconsin
>    362 United States Courthouse
>    517 E. Wisconsin Avenue
>    Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Legister is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 7, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge