UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEGISTER,

        Plaintiff,

        v.                              Case No. 23-cv-0419-bhl

SGT. COLLINS,
NURSE JANE DOE, and
HOUSE OF CORRECTIONS,

        Defendants.

## SCREENING ORDER

    Plaintiff Joshua Legister, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 7, 2023, the Court screened the complaint and gave Legister the opportunity to file an amended complaint, which he did on September 28, 2023. The Court will screen the amended complaint. *See* 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Legister, on November 5, 2022 while he was incarcerated at the House of Corrections (now known as the Community Reintegration Center), there was a fight in his unit, which left the floor covered in blood. The floor was cleaned, but no signs were posted warning inmates that the floor was wet. Legister explains that he had been sleeping, so he did not know about the fight or that the floor was wet. He asserts that when he walked across the floor, he slipped, landing on his head, back, and previously injured right arm. Legister asserts that he informed Defendant Sgt. Collins of the fall and that he had recently been injured in a car accident. She allegedly refused to contact health services, noting that she had told everyone not to walk on the floor. Legister states that, after she again refused to contact health services, he told her he would call his family. Legister asserts that once lunch was done, he called his family and informed them of his fall. Dkt. No. 14 at 3.

Legister asserts that Collins returned to the unit at about 2 p.m. to escort him to the health services unit. He states that she was very upset that he had called his family and used abusive language toward him. He states that when he told her he would contact a lawyer, she responded everything was "just business." When he asked her what she meant, she allegedly said, "You'll see." Legister asserts that Defendant Nurse Jane Doe did not give him a proper exam; she just gave him two aspirin. He states that, upon leaving health services, he was taken to segregation for

2

unknown reasons. Legister explains that he asked why he was in segregation and was told his ticket mentioned something about officer movement. Legister asserts that he was in segregation for five days, after which a lieutenant dismissed the ticket and let him out. Legister asserts that the lieutenant told him the ticket was clearly bogus. Dkt. No. 14 at 3-4.

### THE COURT'S ANALYSIS

Legister was a pretrial detainee at the relevant time, so his medical care claims arise under the Fourteenth Amendment. Under *Miranda v. County of Lake*, such claims are subject only to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, to state a claim, the Court must be able to reasonably infer from a plaintiff's allegations that defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Given the legal standard applicable to Fourteenth Amendment claims, the Court concludes that Legister has failed to state medical care claim against Collins and the Jane Doe nurse. Legister alleges that he slipped and fell, a not uncommon occurrence and one that could, in some occasions, lead to serious consequences. But Legister's allegations do not suggest that this was a serious fall sufficient to support a claim that the responses of Collins and the Jane Doe nurse were objectively unreasonable. Legister does not describe any injuries. He does not allege that he was bleeding, had broken bones, or was experiencing symptoms that would indicate immediate care was required such as nausea, dizziness, or confusion. Accordingly, the Court cannot reasonably infer that Collins' refusal to arrange for his immediate referral to health services was objectively unreasonable. Moreover, Legister's allegations confirm that Collins' initial refusal to convey him immediately to health services only delayed his treatment. He admits that he was seen a few hours

later after contacting his family. And, given the lack of injury to Legister, the Court cannot reasonably infer that this short delay was objectively unreasonable or that he was harmed by the delay. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) (holding that "two hours does not seem like an unreasonably long wait to x-ray, examine, and possibly cast a fractured extremity").

Similarly, the Court cannot reasonably infer that Jane Doe's failure to thoroughly examine Legister was objectively unreasonable because Legister does not allege any facts suggesting that the nurse's judgment was improper. For example, he does not allege that he suffered any injury that would require a thorough examination. He may have been achy and sore (the Court can infer this, but Legister does not even allege this much), but those complaints were addressed by the nurse giving him aspirin. And nothing in Legister's amended complaint suggests that he was harmed by the nurse's failure to do more, as Legister does not allege that he suffered any consequences as a result of her failure to do a thorough examination. It is not entirely clear what examination Legister believes the nurse should have performed, but plaintiffs are not entitled to the best care possible or to their preferred treatment, only to reasonable care. *See, e.g., Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). And the Court must defer to medical professional's treatment decisions unless there is a plausible basis to question their judgment. Legiter provides no such basis in his pleading.

Legister does, however, state a retaliation claim against Collins. To state such a claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). With the foregoing in mind, Legister states a

4

retaliation claim against Collins based on allegations that she wrote a "bogus" ticket against him because he called his family in an effort to get medical treatment.

Finally, the Court will dismiss the House of Corrections because it cannot be sued under §1983, which allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. The House of Corrections is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not a legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). And, given that nothing in Legister's amended complaint suggests that Collins was acting pursuant to an official policy, custom, or practice when she wrote the ticket, Legister cannot state a *Monell* claim. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

**IT IS THEREFORE ORDERED** that Nurse Jane Doe and the House of Corrections are **DISMISSED** because Legister fails to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Legister's amended complaint and this order are being electronically sent today to Milwaukee County for service on Sgt. Collins.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Sgt. Collins shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on October 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge